Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; et al.,<br><br>            Plaintiffs,<br>v.<br><br>R.E. SERRANO, INC., and RICKY SERRANO,<br><br>            Defendants. | Case No.: C07-1697 MMC<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the plaintiffs and against defendants R.E. SERRANO, INC., a California Corporation, and RICKY SERRANO, individually as follows:

1.     Defendants entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.     This action was filed because Defendants became indebted to the Trust Funds for amounts due and owing for unpaid contributions which continued through hours worked for Defendants in September, 2007, under the terms of the Collective Bargaining Agreement and

Trust Agreements. Those contributions were recently received, leaving balances due to Plaintiffs as follows:

| | | | |
|---|---|---|---:|
| 12% p/d interest (to dates paid) | | | $16,261.36 |
| Amounts found due on Audit | | | $2,456.55 |
| Audit Costs | | | $2,068.51 |
| Fees/Costs (8/28/07-10/16/07) | | | $4,485.16 |
| | | | **$25,271.68** |
| 15% Liquidated Damages | to 8/07 | $51,446.86 | |
| | 8/07 | $6,470.40 | |
| | 9/07 | $3,899.14 | |
| | | | **$61,816.40** |
| | | | **$87,088.08** |

3. Plaintiffs agree to conditionally waive liquidated damages in the amount of $61,816.40 as shown above, on the condition that Defendants timely and fully pay all amounts due hereunder, including October, 2007 contributions to be timely paid on or before November 25, 2007

4. Defendants shall conditionally pay the amount of **$25,271.68,** as follows:

(a) On or before **December 26, 2007**, defendants shall pay **$5,204.00** to Plaintiffs. On or before the **25th of every month** thereafter for a period of 10 months (through October 25, 2008), defendants shall pay to plaintiffs **$2,602.00** per month.  Defendants shall have the right to increase the monthly payments at any time, which can be made by joint check, if endorsed by defendants prior to submission to plaintiffs.

(b) Payments shall be applied first to unpaid interest at the rate of 12% per annum on the unpaid audit principal balance and liquidated damages, in accordance with the Collective Bargaining Agreement and plaintiffs' Trust Agreements.

(c) Payments shall be made to the Operating Engineers Trust Funds, and delivered to Muriel B. Kaplan, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA  94105 **on or before the 25th of each month as stated above**, or to such other address as may be specified by plaintiffs.  In the event that any check is not timely submitted

or submitted by defendants but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered.  If this occurs, plaintiffs shall make a written demand to defendants to prove or make said payment by faxing notice to Ricky Serrano at *925-957-8121 and 925-944-9387*.  Default will only be cured by the issuance of a replacement, *cashier's check*, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs.  If defendants elect to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a failed check.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

     5.     Payment of contributions is due on the 15th of each month pursuant to the Master Agreement for Northern California between Operating Engineers Local Union No. 3 and EUCA, "Fringe Benefits," Section 12.01.00.  Beginning with contributions due for hours worked by defendants' employees during the month of October, 2007, due on November 15, 2007 and delinquent if not received by November 25, 2007 and for every month thereafter until this judgment is satisfied, defendants *shall remain current in contributions* due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended.  *Defendants shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment to the Trust Fund office so that timely receipt can be confirmed.*  Failure by defendants to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 6 shall apply.  Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights

available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendants in writing, of any additional amounts owed pursuant to this Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before October 25, 2008.

7. In the event that defendants fail to make any payment required under Paragraph 4 above, or fail to remain current in any contributions under paragraph 5 above, then,

(a) The entire balance of **$87,088.08** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon as provided in above paragraph 5 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b) A writ of execution may be obtained against defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default. <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein</u>.

(c) Defendants waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to defendants.

(d)     Defendants shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed by defendants to plaintiffs under this Stipulation.

8.     Any failure on the part of the plaintiffs to take any action against defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendants of any provisions herein.

9.     Plaintiffs specifically reserve all rights to bring a subsequent action against defendants for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

10.     In the event of the filing of a bankruptcy petition by either or both of the defendants, the parties agree that any payments made by defendants pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendants as a preference under 11 U.S.C. Section 547 or otherwise.  Defendants nevertheless represent that no bankruptcy filing is anticipated.

11.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12.     Defendants each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing as to the terms and conditions set forth herein, that they have read this Agreement with care and are fully aware of and understand that

they enter into this Agreement voluntarily.

13. This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: November 30, 2007          R.E. SERRANO, INC.


                                  By:_____/s/_____
                                  Its:  CEO/President


Dated: November 30, 2007          RICKY SERRANO


                                  _____/s/_____
                                  Individually


Dated: December 5, 2007           OPERATING ENGINEERS LOCAL 3
                                  TRUST FUNDS


                                  _____/s/_____
                                  Wayne McBride



Dated: December 5, 2007           SALTZMAN & JOHNSON LAW CORPORATION


                                  _____/s/_____
                                  Muriel B. Kaplan
                                  Attorneys for Plaintiffs

Approved as to form.              SIMPSON, GARRITY & INNES
Dated November 30, 2007


                                  _____/s/_____
                                  By: Paul V. Simpson

IT IS SO ORDERED.


Dated: ____December 6____, 2007   _____
                                  UNITED STATES DISTRICT COURT JUDGE